UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE HOWARD,

    Petitioner,

v.                                               Case No. 6:04-cv-407-Orl-31JGG

JAMES CROSBY, JR., et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 11). Respondents filed a response to the amended petition (Doc. No. 15), and Petitioner filed a reply to the response (Doc. No. 19).

Petitioner alleges two claims[1] for relief in his habeas petition: 1) his sentence violates the *Ex Post Facto* Clause of the United States Constitution, and 2) he received ineffective assistance of counsel on direct appeal.

### *Procedural History*

On September 10, 1984, Petitioner was charged with one count of first degree murder in violation of section 782.04, Florida Statutes (1983). (App. at A-48.) A jury trial was conducted, and on April 29, 1986, the jury found Petitioner guilty of the lesser included offense of second degree

---

[1] As discussed more fully *infra*, to overcome the untimely filing of the instant habeas petition, Petitioner asserts that he is actually innocent of his sentence. Although Petitioner classifies this argument as a claim for relief, "[i]nnocence is not an independent claim; rather, it is the 'gateway' through which a petitioner must pass before a court may consider constitutional claims which are defaulted." *Dunn v. Bullard*, 2006 WL 942087, *4 (M.D. Ala. 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)).

murder. *Id.* at A-85. The trial court adjudicated Petitioner guilty, and on September 19, 1986, the trial court conducted a pre-sentence hearing during which the State introduced testimony concerning a potential upward departure from the sentencing guidelines of 17 to 22 years. *Id.* at A-1-21. On December 18, 1986, a sentencing hearing was held at the conclusion of which the trial court sentenced Petitioner to life in prison. *Id.* at A-41.

Petitioner appealed his conviction and sentence, and on November 17, 1987, the Fifth District Court of Appeal of Florida affirmed the conviction and sentence *per curiam*. *See Howard v. State*, 515 So. 2d 993 (Fla. 5th DCA 1987). Mandate issued on December 4, 1987. (App. at B-65.)

On January 31, 1989, Petitioner filed a petition for writ of habeas corpus with the Fifth District Court of Appeal, and the court summarily denied the petition on February 28, 1989. (App. at C-32.)

Petitioner then filed a motion for post-conviction relief with the trial court, which was denied on April 9, 1991. Petitioner appealed the decision, and the Fifth District Court of Appeal affirmed the trial court's denial *per curiam*. *See Howard v. State*, 580 So. 2d (Fla. 5th DCA 1991). Mandate issued on June 21, 1991. (App. at D-5.)

Thereafter, on September 12, 1994, Petitioner filed a second petition for writ of habeas corpus relief with the Florida Supreme Court, which denied the petition without opinion. *See Howard v. State*, 648 So. 2d 723 (Fla. 1994).

On February 23, 2000, pursuant to Florida Rule of Criminal Procedure 3.800, Petitioner filed a motion to correct his sentencing guidelines scoresheet. (App. at F-1-19.) The trial court denied the motion on April 7, 2000. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam* the trial court's denial of the motion. *See Howard v. State*, 763 So. 2d 341 (Fla. 5th DCA

Case 6:04-cv-00407-GAP-JGG Document 24 Filed 08/25/06 Page 3 of 5 PageID 134

2000). Petitioner filed a motion for rehearing which was denied on June 29, 2000. (App. at F-41, 43.) Mandate issued on July 17, 2000. *Id.* at F-44.

On March 18, 2003, Petitioner filed a second motion pursuant to Rule 3.800, which was denied by the trial court. (App. at G-2.) Petitioner appealed the decision, and the Fifth District Court of Appeal affirmed *per curiam*. *See Howard v. State*, 848 So. 2d 338 (Fla. 5th DCA 2003). Mandate issued on July 7, 2003. (App. at G-16.) Subsequently, Petitioner filed a third petition for habeas corpus relief with the Fifth District Court of Appeal, which denied relief on September 24, 2003. *Id.* at H-18.

*Timeliness of the Instant Habeas Petition*

Respondents assert that the instant petition is untimely, and thus subject to dismissal, pursuant to 28 U.S.C. § 2244(d). Petitioner's conviction and sentence became final on December 4, 1987, prior to the enactment of the AEDPA. Accordingly, Petitioner had until April 23, 1997, to timely file the instant habeas petition. *See, e.g.*, *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998) (determining that prisoner whose conviction became final prior to the effective date of the AEDPA had until April 23, 1997, one year from the effective date of the AEDPA, in which to file a petition for collateral relief). Petitioner concedes that the petition is untimely, but contends that he is actually innocent of his sentence, thus warranting review of the petition.[2]

Section 2244(d)(1), Title 28 of the United States Code establishes a one-year statute of limitations for filing a habeas petition pursuant to 28 U.S.C. § 2254. The one-year statute of

---

[2]The actual innocence exception has been extended to constitutional claims challenging capital sentencing errors; however, the United States Supreme Court has declined to consider whether the actual innocence exception extends to constitutional claims challenging noncapital sentencing errors. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004).

limitations potentially may be tolled upon a showing of actual innocence. *See Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000) (refusing to consider whether actual innocence may toll statute of limitations in light of the petitioner's failure to establish actual innocence); *see also Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004).

In the instant case, it is not necessary for the Court to determine whether the actual innocence exception may toll the statute of limitations because Petitioner has failed to demonstrate that he is actually innocent of either his sentence or conviction. Petitioner contends that the state appellate court's application of section 921.001(5), Florida Statutes (1986), was unconstitutional and that absent the application of the statute, the state appellate court would have determined that he was actually innocent of the sentence.[3] This assertion, however, is not really a claim of actual innocence, but instead a claim that the appellate court erred when reviewing Petitioner's sentence.[4]

---

[3] "Chapter 86-273, Laws of Florida, amended section 921.001(5), Florida Statutes, to provide that '[t]he extent of departure from a guidelines sentence shall not be subject to appellate review.'" *Felts v. State*, 537 So.2d 995, 998 (Fla. 1st DCA 1988) (quoting § 921.001(5), Florida Statutes (1986)). In *Booker v. State*, 514 So. 2d 1079, 1083-84 (Fla. 1987), the Supreme Court of Florida determined that the 1986 amendment to section 921.001(5), prohibiting appellate review of the extent of the trial court's departure from the state sentencing guidelines, could not be applied retroactively to crimes committed prior to the statute's effective date of July 9, 1986.

[4] The Eleventh Circuit has consistently held that federal courts cannot "review a state's alleged failure to adhere to its own sentencing procedures." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Furthermore, the Court notes that nothing in the record indicates that the appellate court applied section 921.001(5), Florida Statutes (1986), thereby refusing to review the extent of the trial court's upward departure from the statutory guideline of 17 to 22 years to the maximum sentence of life in prison. The Fifth District Court of Appeal affirmed Petitioner's conviction and sentence *per curiam* on November 17, 1987. *See Howard v. State*, 515 So. 2d 993 (Fla. 5th DCA 1987). Therefore, the appellate court's decision was entered almost two months after the Supreme Court of Florida determined in *Booker v. State*, 514 So. 2d 1079, 1083-84 (Fla. 1987), that section 921.001(5), Florida Statutes (1986), could not be applied retroactively. Accordingly, this Court presumes that in affirming the trial court, the state appellate court knew that the extent of the trial court's sentencing departure was subject to appellate review given that the crime was committed prior to the effective date of section 921.001(5), Florida Statutes (1986). *See Walton v. Arizona*, 497

Petitioner cursorily asserts that the reasons relied on by the trial court in departing from the sentencing guidelines were expressly and impliedly invalid. *See* Doc. No. 19 at 5-6; *see also* Doc. 11 at 18-19. However, Petitioner does not allege any reason why the trial court's justifications for departure would not warrant an upward departure under Florida law. As such, Petitioner has not asserted any basis on which the Court could conclude that he is actually innocent of his sentence or conviction. *See Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir.) (noting that a "petitioner is not entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics . . ." (quotation omitted) (emphasis in original)), *cert. denied*, 543 U.S. 891 (2004). Therefore, the Court concludes that Petitioner has not come forward with credible evidence that he is actually innocent of his sentence or conviction. Accordingly, the amended petition is untimely and must be dismissed.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 11, filed July 23, 2004) filed by Bruce Howard is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 25th day of August, 2006.

Copies to:
sc 8/25
Bruce Howard
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002) (noting that "judges are presumed to know the law and to apply it in making their decisions.").